IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

ANDRE DAVIS,

        Petitioner,  :   Case No. 1:14-cv-244

  - vs -                             District Judge William O. Bertelsman
                                       Magistrate Judge Michael R. Merz

WARDEN, London Correctional
Institution,
                              :

        Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court for decision on the merits. Davis has filed a Petition (Doc. No. 1) and a Traverse (Doc. No. 10); Respondent has filed an Answer/Return of Writ (Doc. No. 7). The case is accordingly ripe for decision.

Davis pleads the following grounds for relief:

> **GROUND ONE:** The jury erred to the prejudice of the petitioner by finding him guilty of felonious assault, findings not supported by sufficient evidence.
>
> **Supporting Facts:** There was not evidence beyond a reasonable doubt presented that the results indicated that petitioner had tested positive as a carrier of the virus that caused "AIDS" as required by R.C. Section 2903.11(B)(1). Furthermore, State's own expert testified that there was no test for viral matter itself. No reasonable trier of fact could find beyond a reasonable doubt that Mr. Davis was guilty of these crimes.
>
> **GROUND TWO:** The jury erred to the prejudice of the petitioner by finding him guilty of felonious assault, those findings were contrary to law.

1

>**Supporting Facts:** In examining a claim that the judgment was against the manifest weight of the evidence, the test is much broader than the test involved with the claim of insufficient evidence. The court reviews "the entire record," weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created a manifest miscarriage of justice.
>
>**GROUND THREE**: The trial court erred to the prejudice of the petitioner by overruling his motion for acquittal under Ohio Crim. Rule 29, as State failed burden of proving that petitioner was guilty of felonious assault.
>
>**Supporting Facts:** In determining whether a trial court erred in overruling a motion for acquittal under Rule 29, the question is whether, after viewing the evidence in light most favorable to the prosecution, rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Petitioner at no point has been proven to have virus.
>
>**GROUND FOUR:** The trial court erred to the prejudice of the petitioner by allowing the "HIV" test results to be admitted, as State's witness was not a custodian of the records.
>
>**Supporting Facts:** In petitioner's case, the test results were admitted based on the testimony of the alleged custodian, Nancy Krueger. However Ms. Krueger did not work in Pittsburgh nor in Alabama where it was later discovered the test was conducted; she had no knowledge of how she acquired the test results, not even realizing it was conducted in Birmingham Alabama.

*Id.*

**Procedural and Factual History**

Davis was originally indicted by the Hamilton County Grand Jury in 2011 on eight counts of felonious assault in violation of Ohio Revised Code § 2903.11(B)(1), (Counts 1-8). (Exhibit 1, Return of Writ, Case No. B 1104965, PageID 49.)  Later, a second indictment was filed charging Davis with seven counts of felonious assault in violation of Ohio Revised Code § 2903.11(B)(1), (Counts 1-7). (Exhibit 2, Return of Writ, Case No. B 1104966, PageID 55.)  On

the State's motion, the cases were joined for trial.

A jury found Davis guilty on Counts 1 and Counts 3-8, but not guilty on Count 2 in Case No. B 1104965, and guilty on all counts in Case No. B 1104966. The court entered the verdicts and ordered a mental examination of Davis to be performed prior to sentencing. Thereafter, the court sentenced Davis to an aggregate sentence of thirty-two years in both cases..

Davis appealed to the Court of Appeals of Ohio, First Appellate District, Hamilton County, raising the following assignments of error:

> 1. The jury erred to the prejudice of the Defendant-Appellant by finding him guilty of felonious assault, as those findings were not supported by sufficient evidence.
>
> 2. The jury erred to the prejudice of the Defendant-Appellant by finding him guilty of felonious assault, those findings were contrary to law.
>
> 3. The trial court erred to the prejudice of the Defendant-Appellant by overruling his motion for acquittal under Ohio Crim. Rule 29.
>
> 4. The trial court erred to the prejudice of the Defendant-Appellant by imposing a sentence that is contrary to law.
>
> 5. The trial court erred to the prejudice of the Defendant-Appellant by allowing the "HIV" test results to be admitted.
>
> 6. R.C. Section 2903.11(B) is unconstitutional.

(Exhibit 23, Return of Writ, Case No. C-120076, PageID 152.)

The First District set forth the facts of this case on direct appeal as follows:

> **[¶3]** At trial, Alex Uehline testified that she had moved in with Davis in February 2009. Around the same time, Davis was attempting to secure employment with World Wrestling Entertainment ("WWE") as either a wrestler or a referee. A few months later, Davis received a physical examination in connection with his WWE application. Following that examination, in July 2009, Davis texted Uehline that he had tested positive for "HIV." Shortly thereafter, Uehline discovered a laboratory report in their home indicating that Davis was HIV positive. The report was

3

>authenticated as a record of regularly conducted activity under Evid R. 803(6) and 901(B)(10) by Nancy Kreuger, a compliance officer for Quest Diagnostics, which performs laboratory tests for physicians. Dr. William Ralston later interpreted that report and testified that HIV, also known as the human immunodeficiency virus, is a retrovirus that causes AIDS.
>
>[¶4] According to Uehline, in December 2009, the couple sought information about the pathogen from an organization known as STOP AIDS. They spoke with Phyllis Leathers, who testified that "[i]t was a requirement to be diagnosed with the HIV virus to even be a client at STOP AIDS." Leathers further stated that she had informed Davis about the criminal implications of having sex without disclosing his HIV status, and that Davis had signed a document acknowledging that he was "requesting medical case management services and supportive services offered by STOP AIDS."
>
>[¶5] Twelve women then testified that they had engaged in a total of 15 sexual encounters with Davis: one in September 2009, one in March 2010, one in September 2010, three in December 2010, one in January 2011, three in February 2011, one in March 2011, and four in April 2011. Each woman claimed that Davis had failed to notify her before each sexual encounter that he was HIV positive.

*State v. Davis*, 2012-Ohio-5756, 2012 Ohio App. LEXIS 4994 (1st Dist. Dec. 7, 2012)

Davis moved the court to reconsider its decision under App.R. 26(A) arguing his challenge to the constitutionality of R.C. Section 2903.11(B). On January 16, 2013, the Ohio Court of Appeals denied Davis' motion for reconsideration. (Exhibit 28, Return of Writ, Case No. C-120076, PageID 220.)

On December 21, 2012, Davis through counsel filed a notice of appeal with the Ohio Supreme Court (Exhibit 29, Return of Writ, Case No. 2012-2148, PageID 49.), but that court declined to exercise jurisdiction. *State v Davis*, 134 Ohio St. 3d 1487 (2013).

# Analysis

**Grounds One and Three:  Insufficient Evidence**

In his First and Third Grounds for Relief, Davis challenges the sufficiency of the evidence to support his convictions.

The Warden objects that Ground Three is not cognizable in habeas corpus because it relies only Ohio law related to Ohio R. Crim. P. 29.  However, a motion under Rule 29 raises precisely the same constitutional question as is raised under Ground One:  is there sufficient evidence to convict?  The Court therefore considers these two Grounds for Relief together.

An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  *Jackson v. Virginia*, 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders,* 894 F.2d 792, 794 (6th Cir. 1990)(en banc).  In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt.  *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . .  This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006); *United States v. Somerset*, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007).  This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259 (1991).  Of course, it is state law

which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship, supra.*

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh,* 567 F.3d 191, 205 (6th Cir. 2009). In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008); *accord Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011)(en banc).

> We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of

6

> the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith,* 565 U. S. 1, ___, 132 S. Ct. 2, 181 L. Ed. 2d 311, 313 (2011) (*per curiam*). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid.* (quoting *Renico v. Lett*, 559 U. S. ___, ___, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010)).

*Coleman v. Johnson*, 566 U.S. ___, ___, 132 S. Ct. 2060, 2062, (2012)(*per curiam*).

On appeal, Davis raised sufficiency of the evidence, manifest weight of the evidence, and error in denying the Rule 29 motion as his first three assignments of error and the First District considered them together. It held

> **[\*P9]** Davis maintains that there was no evidence presented at trial that he knew he was a carrier of a virus that causes AIDS. He specifically contends that (1) there was no evidence that he had seen the laboratory report found by Uehline; (2) even if he had seen the laboratory report, the document indicated only that he had tested positive for antibodies that attack HIV, not HIV itself; and (3) even if he had known that he was a carrier of HIV, he is not criminally culpable under R.C. 2903.11(B)(1) because the pathogen is a *retrovirus* and, therefore, not a *virus* that causes AIDS.
>
> **[\*P10]** These arguments are without merit. We first recognize that the laboratory report was not the only evidence presented to show that Davis knew he was a carrier of HIV. For instance, Uehline testified that Davis had texted her in July 2009 that he was HIV positive, and that in December 2009, she and Davis had sought information about HIV and AIDS from STOP AIDS. In addition, Phyllis Leathers testified that when the couple visited STOP AIDS, she had informed Davis about the criminal implications of having sex without disclosing his HIV status, and that Davis had signed a document acknowledging his request for "medical case management services and supportive services offered by STOP AIDS."[1] Furthermore, we reject Davis's tenuous assertion that R.C. 2903.11(B)(1) does not implicate those who

7

> merely carry HIV. As Dr. Ralston testified, retroviruses *are* viruses, and HIV is a retrovirus that causes AIDS.
>
> FOOTNOTES
>
> 1 Notably, Davis was convicted of only those felonious-assault charges that concerned alleged sexual encounters after he had met with Leathers.
>
> **[\*P11]** Based on the foregoing and the record before us, we conclude that a rational trier of fact could have found the essential elements of each offense proven beyond a reasonable doubt, and that the jury neither clearly lost its way nor created a manifest miscarriage of justice in convicting Davis of 14 counts of felonious assault. The first, second, and third assignments of error are, therefore, overruled.

*State v. Davis, supra*.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

In deciding Davis' first and third assignments of error, Judge Fischer cited as controlling *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), the Ohio precedent that follows *Jackson v. Virginia*, 443 U.S. 307 (1979). *Id.* at ¶ 8. Davis has not shown that the First District's application of Jackson was objectively unreasonable. Because the laboratory report was directed to him and about his test and was found in his residence by the woman with whom he lived, the jury could reasonably infer that he had seen it. Moreover, he admitted he had tested positive for HIV when he texted a message containing that information to Ms. Uehline, His

purported distinction between a virus and a retrovirus was shown at trial to be medically meaningless.

Davis' First and Third Grounds for Relief should therefore be dismissed with prejudice.

**Ground Two:  Manifest Weight of the Evidence**

In his Second Ground for Relief, Davis argues his conviction is against the manifest weight of the evidence.  The Warden asserts this claim does not arise under the United States Constitution.

Federal habeas corpus is available only to correct federal constitutional violations.  28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).  "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  A weight of the evidence claim is not a federal constitutional claim. *Johnson v. Havener*, 534 F.2d 1232 (6th Cir. 1986).

Therefore Davis' Second Ground for Relief should be dismissed for failure to state a claim upon which habeas corpus relief can be granted.

**Ground Four:  Erroneous Admission of HIV Test**

In his Fourth Ground for Relief, Davis contends the trial court erred in admitting the

laboratory report showing he was HIV positive because the identifying witness was not a custodian of those records. The Warden objects that this Ground for Relief is also not cognizable in habeas corpus because it does not state a constitutional claim.

As noted with Ground Three, the habeas corpus jurisdiction of the federal courts when considering state court judgments is limited to claims arising under the United States Constitution. Evidentiary questions generally do not rise to the constitutional level unless the error was so prejudicial as to deprive a defendant of a fair trial. *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir.1988); *Walker v. Engle,* 703 F.2d 959, 962 (6th Cir. 1983); *Bell v. Arn,* 536 F.2d 123 (6th Cir., 1976); *Burks v. Egeler*, 512 F.2d 221, 223 (6th Cir. 1975). Where an evidentiary error is so egregious that it results in a denial of fundamental fairness, it may violate due process and thus warrant habeas relief. *Bey v. Bagley*, 500 F.3d 514, 519-20 (6th Cir. 2007); *Bugh v. Mitchell,* 329 F.3d 496 (6th Cir. 2003), *citing Coleman v. Mitchell*, 244 F.3d 533, 542 (6th Cir. 2000). Courts have, however, defined the category of infractions that violate fundamental fairness very narrowly. *Bugh, quoting Wright v. Dallman*, 999 F.2d 174, 178 (6th Cir. 1993)(*quoting Dowling v. United States*, 493 U.S. 342, 352 (1990)). "Generally, state-court evidentiary rulings cannot rise to the level of due process violations unless they 'offend[] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" *Seymour v. Walker,* 224 F.3d 542, 552 (6th Cir. 2000)(*quoting Montana v. Egelhoff*, 518 U.S. 37, 43 (1996)). The Supreme Court has defined very narrowly the category of infractions that violate fundamental fairness. *Bey v. Bagley*, 500 F.3d 514 (6th Cir. 2007), *citing Dowling v. United States*, 493 U.S. 342, 352 (1990)(Identification from a trial which resulted in an acquittal could be introduced at second trial for similarities.) "There is no clearly established Supreme Court precedent which holds that a state violates due process by permitting

10

propensity evidence in the form of other bad acts evidence." *Bugh v. Mitchell,* 329 F.3d 496, 512 (6th Cir. 2003), noting that the Supreme Court refused to reach the issue in *Estelle v. McGuire*. 502 U.S. 62 (1991).

Certainly the contents of the laboratory report were very material to the case. But the question of who is a proper authenticating witness for a document and particularly whether that person must be the "custodian" of the document is entirely a question of state evidence law.

Therefore the Fourth Ground for Relief should be dismissed for failure to state a claim upon which habeas corpus relief can be granted.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

June 1, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).